IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOHN COX,**

    **Plaintiff,**

v.                                     Case No. 4:16-CV-192-DMB-JMV

**SUNFLOWER COUNTY**            **JURY TRIAL REQUESTED**
**CONSOLIDATED SCHOOL**
**DISTRICT,**

    **Defendant.**

## COMPLAINT

### I. Introduction

COMES NOW the Plaintiff, John Cox, to hereby sue Sunflower Consolidated School District, for declaratory relief, injunctive relief, and money damages for violations of the Fair Labor Standards Act (hereinafter "FLSA"), including retaliatory discharge. In support thereof, Plaintiff would state the following:

### II. Jurisdiction and Venue

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. All acts alleged in this complaint occurred in the Northern District of Mississippi; therefore, venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b).

### III. Parties

2. Plaintiff John Cox is an adult citizen of the State of Mississippi and a resident of

Sunflower County, Mississippi. At all times mentioned herein, Plaintiff Cox was employed by Defendants in Indianola, Mississippi as a custodian working for the Defendant for the last three (3) years, making approximately making approximately $28,100.00 per year, or $14.11 per hour.

3. Defendant Sunflower County Consolidated School District is a public educational entity in the state of Mississippi. At all times mentioned herein, Defendant has employed Plaintiff Cox. They may be served with process by serving Dr. Debra Dace, Superintendent of Sunflower County Consolidated Schools, Highway 49 North, 196 MLK Drive, Indianola, MS 38751.

### IV. Factual Allegations

4. At all times relevant herein, Defendants employed Plaintiff Cox in connection with the business of the Defendant Sunflower County Consolidated School District. At all relevant times, Defendant was the Plaintiff's employer within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

5. From at least early 2013 to the end of his employment in March 2016, Defendant employed Plaintiff for many workweeks consisting of more than 40 hours—approximately 50-55 hours a week total. For those work weeks longer than forty (40) hours, Defendant refused to compensate Plaintiff Cox at a rate not less than one and one-half (1½) times his regular rate of pay at which he was employed, contrary to the provisions of 29 U.S.C § 207(a).

6. Plaintiff Cox is a non-exempt employee under FLSA. Defendant intentionally misclassified him under the Act.

7. In early 2016, Cox complained to several school officials, including the principal of one of the schools (Lucas) and the secretary (Pointer), about the denial of getting paid overtime for the last few years and being forced to alter his timesheets to reflect no overtime in

order to get paid. His complaints were to no avail.

8. Defendants sent Plaintiff a notice on March 11, 2016, claiming that Plaintiff had been overpaid in error in the amount of $12,663.32, and that he was obligated to repay said monies.

9. Plaintiff was shocked, as he was informed earlier that that payment was paid directly to him from Stewart & Associates, PLLC as a reimbursement of his surgery and attorney fees that he was entitled to. This was money that was reimbursed to him because the health insurance company wrongly denied his benefits and they later corrected it and thus reimbursed him. The school knew all along about that and that the money was rightfully his, and Cox reiterated that to them.

10. On April 6, 2016, Plaintiff Cox received a Notice of Termination of employment from Defendant, stating that he was terminated as of March 30, 2016 for violating the code of ethics because he never paid the school the alleged money that was rightfully his.

**V. Violation of the FLSA for Failure to Pay Overtime**

11. Plaintiff hereby alleges and incorporates the previously stated paragraphs as if fully set forth herein.

12. The above-described actions of the Defendant are in violation of the Fair Labor Standards Act obligations to compensate non-exempt employees for hours worked in excess of 40 in a workweek at time and half their regular rate.

13. Defendant intentionally refused to compensate Plaintiff for his overtime hours for the last few years from 2013 to the end of his employment in March of 2016.

14. Because of Defendant's willful violation of the FLSA, Plaintiff should be entitled to go back three years after the cause of action accrued in order to recover his lost compensation and his other rights under the FLSA, including liquidated damages, attorney fees, and costs for

bringing this action under 29 U.S.C. §216.

## VI. Retaliatory Discharge in violation of the FLSA

15. Plaintiff hereby alleges and incorporates the previously-stated paragraphs as if fully set forth herein.

16. The above-described action of terminating Plaintiff within a few months of his complaining or reporting violations of the FLSA for failure to compensate him under the FLSA. See 29 U.S.C. §215(a).

17. There is absolutely no grounds for Defendant's purported reason for terminating Plaintiff after 12 years on the job. Thus, Defendant's purported reason for terminating Plaintiff was a pretext for unlawful discrimination.

18. Plaintiff suffered the following injuries as a direct and proximate result of Defendant's conduct:

   (a)   Plaintiff was unlawfully terminated and lost his job;

   (b)   Plaintiff suffered loss of wages and benefits and other pecuniary losses;

   (c)   Plaintiff was also caused to suffer embarrassment, humiliation, anxiety, mental anguish, and emotional distress, among other things.

19. Plaintiff is entitled to an award of lost wages and benefits, compensatory damages, attorney fees, expert witness fees, and costs, among other things, under 29 U.S.C. §216.

20. Plaintiff is also entitled to liquidated or punitive damages for Defendant's intentional misconduct pursuant to 29 U.S.C. §216.

## VII. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Cox prays for the following:

1. That the Defendant be required to appear and answer the Complaint within the time provided in the Federal Rules of Civil Procedure;

2. That the Court provide injunctive relief to Plaintiff Cox by ordering Defendant to pay overtime compensation to Plaintiff Cox in the future;

3. That Plaintiff Cox be awarded unpaid overtime compensation;

4. That Plaintiff Cox be awarded liquidated damages;

5. That Plaintiff Cox be awarded reasonable attorney fees, expert witness fees, as well as costs and expenses incurred in bringing this lawsuit; and

6. Plaintiff demands such other and further relief as may be just and proper, including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

/s/ James D. Harper
James D. Harper (MS Bar # 99386)
Harper Whitwell, PLLC
1200 Jefferson Avenue, Suite 200
P.O. Box 3150
Oxford, MS 38655
Telephone: 662-234-0320
Facsimile: 662-259-8464
Email: james@harperwhitwell.com

ATTORNEYS FOR PLAINTIFF

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff JOHN COX, in accordance with Federal Rule of Civil Procedure 38, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

_____
James D. Harper
Attorneys for Plaintiff