IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN COX                                                                                    PLAINTIFF

V.                                                                         NO. 4:16-CV-192-DMB-JMV

SUNFLOWER COUNTY
CONSOLIDATED SCHOOL DISTRICT                                                DEFENDANT

## ORDER

On August 16, 2017, an "Agreed Stipulation of Dismissal of Actions with Prejudice" was filed in this Fair Labor Standards Act case. Doc. #25. Because the parties cannot stipulate to a dismissal settling FLSA wages claims without the approval of the district court or the Department of Labor, the stipulation is ineffective.

## I
## Procedural History

On September 21, 2016, John Cox filed a complaint in this Court against the Sunflower County Consolidated School District, alleging a denial of overtime compensation and retaliatory discharge in violation of the Fair Labor Standards Act. Doc. #1. On October 24, 2016, the District filed an "Answer and Defenses" to the complaint and, on November 4, 2016, filed an "Amended Answer and Defenses and Counterclaim."[1] Doc. #4; Doc. #6. Cox filed an answer to the District's counterclaim on November 17, 2016. Doc. #7.

On August 11, 2017, following a period of discovery, Cox filed an "Agreed Stipulation of Dismissal of Actions with Prejudice." Doc. #25. The document is signed by Cox's counsel

---

[1] The District asserts claims for "conversion and/or fraud" based on allegations that Cox illegally kept money mistakenly deposited into his account by the District. Doc. #6 at ¶¶ 13–16.

and the District's counsel, and specifies that it was filed "pursuant to Rule 41 of the Federal Rules of Civil Procedure." *Id*. at 1.

## II
## Analysis

The FLSA was enacted to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). "In light of the FLSA's recognition of unequal bargaining power between employers and employees, the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162–63 (5th Cir. 2015) (citing *O'Neil*, 324 U.S. at 706–08). "Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id*. at 164–65 (internal citations omitted) (collecting cases). However, "the weight of authority holds that FLSA retaliation claims do not require a supervised settlement." *Frattallone v. Black Diamond Coating, Inc.*, No. 8:14-cv-2818, 2015 WL 476193, at *3 (M.D. Fla. Feb. 5, 2015) (collecting cases).

Although the cases cited above concern the issue of whether a private FLSA settlement is enforceable, in considering FLSA's underlying purpose, it has been held that "[Rule 41] stipulated dismissals settling FLSA claims with prejudice [also] require the approval of the district court or the DOL to take effect." *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015). As such, a Rule 41 stipulation on a FLSA wages claim is subject to the same review as a FLSA settlement.

In reviewing FLSA settlements, courts, relying on the Eleventh Circuit's reasoning in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), generally

require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g., Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted ... from this general rule ... unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F.Supp.3d at 528. While *Martin* allows a court to enforce a settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private FLSA settlement is required." *Id*. at 528–29. Notwithstanding this difference of timing, "consistent with *Lynn's Food,* [*Martin*], in essence, scrutinized the terms of the agreement at issue to ensure that they were fair and did not undermine the goals of the FLSA." *Id*. at 528.

Here, the parties, representing that they "have been able to obtain a resolution to this matter that will enable them to not pursue this litigation," purport to "stipulate to the dismissal of their respective claims" with "[e]ach party [to] bear his/her/its own attorneys' fees and costs." Doc. #25 at 2. However, the parties have not submitted a copy of their settlement agreement or otherwise advised the Court of the terms of the resolution reached. In the absence of such, the Court is unable to determine whether there is a bona fide dispute or that the resolution reached reflects a fair and reasonable settlement of such a dispute. The stipulation, therefore, is ineffective as to Cox's claims for unpaid wages under the FLSA. Furthermore, to the extent the stipulation contemplated the dismissal of all claims, as a matter of fairness, the Court deems it ineffective as to Cox's retaliation claim and the District's counterclaims. *See generally Alellyv*

*Mines Ltd. v. Pelletier*, 90 F.R.D. 626, 627 (E.D. Tenn. 1981) ("[T]he Court may refuse to dismiss upon the limited terms and conditions named by the plaintiff.") (internal alterations omitted).

Accordingly, within fourteen (14) days of this order, the parties shall (1) file a copy of the settlement agreement; and (2) if there is a bona fide dispute as to the wages claim, show cause why the proposed resolution is fair and reasonable.

**SO ORDERED**, this 18th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**