IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOHN COX**     **PLAINTIFF**

**V.**     **NO. 4:16-CV-192-DMB-JMV**

**SUNFLOWER COUNTY**
**CONSOLIDATED SCHOOL DISTRICT**     **DEFENDANT**

## ORDER

Before the Court is the parties' "Joint Motion to Approve Settlement and to Dismiss All Claims." Doc. #30.

## I
### Procedural History

On September 21, 2016, John Cox filed a complaint in this Court against the Sunflower County Consolidated School District, alleging a denial of overtime compensation and retaliatory discharge in violation of the Fair Labor Standards Act. Doc. #1. On October 24, 2016, the District answered the complaint and, on November 4, 2016, filed an "Amended Answer and Defenses and Counterclaim." Doc. #4; Doc. #6. The counterclaim seeks recovery for "conversion and/or fraud" on allegations that Cox illegally kept money mistakenly deposited into his account by the District. Doc. #6 at 9. Cox filed an answer to the District's counterclaim on November 17, 2016. Doc. #7.

On August 11, 2017, following a period of discovery, Cox filed an "Agreed Stipulation of Dismissal of Actions with Prejudice." Doc. #25. On August 18, 2017, this Court entered an order directing the parties to submit a copy of the settlement agreement and, if there is a bona fide dispute as to Cox's wages, to show cause why the proposed settlement reflects a fair and reasonable settlement of the underlying FLSA claim. Doc. #26 at 4. On August 24, 2017, the parties filed a "Joint Motion to Approve Settlement and to Dismiss All Claims," attaching their settlement

agreement as an exhibit. Doc. #27; Doc. #27-1. On January 12, 2018, the Court denied the motion without prejudice. Doc. #29. One week later, the parties renewed their joint motion seeking approval of their settlement and the dismissal of all claims.[1] Doc. #30.

## II
## Analysis

"The general rule establishes that FLSA claims … cannot be waived. Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164–65 (5th Cir. 2015) (internal citation omitted) (collecting cases). Such courts, relying on the Eleventh Circuit's reasoning in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g., Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted … from this general rule … unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F.Supp.3d at 528. While *Martin* allows a court to enforce a settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private FLSA settlement is required." *Id*. at 528–29. Accordingly, where, as here, parties in the Fifth Circuit seek *approval* of a settlement, the *Lynn's Food* standard governs. *See Heffernan Bryant v.*

---

[1] The parties originally filed a memorandum brief as a joint motion but later corrected the filing error pursuant to the Clerk's instructions. *See* Doc. #31; Doc. #32.

*United Furniture Indus., Inc.*, No. 1:13-cv-246, 2017 WL 639320, at *2 (N.D. Miss. Feb. 16, 2017) (applying *Lynn's Food* to joint motion for settlement); *Alainz v. Maxum Petro. Operating Co., Inc.*, No. 15-cv-373, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (same). In such a situation, the "court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Heffernan Bryant*, 2017 WL 639320, at *2 (internal quotation marks omitted).

### A. Bona Fide Dispute

Under the bona fide dispute inquiry:

> the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. 29 U.S.C. §§ 206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.

*Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719–20 (E.D. La. 2008). Notably, the "mere existence of an adversarial lawsuit" and "[t]he presence of attorneys representing FLSA … plaintiffs" are insufficient, standing alone, to meet the bona fide dispute requirement. *Id*. at 720.

In their joint motion, the parties assert that "[t]here [is] a factual and legal dispute over whether overtime compensation was owed." Doc. #30 at 2. In support of this assertion, the parties represent:

> [The District] had time sheets for 2015 and 2016 which appeared to document all of [Cox's] time. Conversely, according to his calculations, [Cox] worked approximately 10 hours more each week at an overtime rate of $15.00 an hour; however, he possesses no documentation to verify any such work allegedly done. Moreover, [the District's] school board policy GCRAA specifically explains, "No overtime shall be worked without prior ***written*** permission by the employee's immediate supervisor and the superintendent." … [Cox] has been unable to produce any such written permission authorizing him to work overtime for the time period

> he asserts that he was not paid; moreover, no such written permission has been found in the records of the [District].

Doc. #32 at 4–5 (emphasis in original). Based upon these representations, the Court concludes that this action involves a bona fide dispute over the FLSA's provisions.

### B. Fairness and Reasonableness

In FLSA collective actions, courts in this circuit have generally utilized the fairness factors applied to class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *See Heffernan Bryant*, 2017 WL 639320, at *3 (collecting cases). These factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Id*. (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

This Court has not found a case in the Fifth Circuit addressing the proper evaluation standard where, as here, the dispute involves only a single plaintiff. Courts in other circuits have applied varying approaches. Some courts have applied the class action factors even when a proposed settlement involves only a single plaintiff. *See Duprey v. Scotts Co. LLC.*, 30 F.Supp.3d 404, 409–10 (D. Md. 2014) (applying class action factors to settlement of single plaintiff's claims); *Wheeler v. Coastal Delivery, Inc.*, No. 6:15-cv-1017, 2015 WL 7007967, at *1–2 (M.D. Fla. Oct. 20, 2015) (same). Other courts have undertaken far simpler inquiries asking only whether the settlement is reasonable in light of the value of the plaintiff's claims. *See Marfar v. Peretta*, No. 10-cv-7785, 2011 WL 1758625, at *2 (S.D.N.Y. May 6, 2011) ("Given that there is documentary evidence that the plaintiff drove the company bus interstate and he may therefore be an exempt employee under federal overtime laws, the settlement amount to which the parties have agreed is

4

reasonable and fair."); *Morales v. PepsiCo, Inc.*, No. 11-6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012) ("[T]he Court finds that the settlement reflects good faith negotiations between the parties as to the reasonable valuation of Plaintiff's underlying claims."). Out of an abundance of caution, the Court will apply both standards.

As part of the settlement, the parties represent "that Cox's overtime claim and the District's counter-claim were of about equal value and thus cancel[] each other out." Doc. #30 at 1–2. In that regard, the parties assert that Cox believes he is "owed about $12,000.00 in unpaid overtime for driving the bus at the school as well as being a custodian," and that the District overpaid Cox $12,663.32. Doc. #32 at 1–2.

"Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010) (internal footnote omitted). However, the Fifth Circuit has recognized a narrow exception to this rule when the "money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Id*. at 742.

Considering that Cox's overtime claim is of lesser value than the District's overpayment counterclaim, the Court concludes that the settlement appears reasonable. In applying the Rule 23 factors, the Court finds the settlement is appropriate because (1) there is no evidence of fraud or collusion; (2) the proposed settlement matches the modest complexity of this FLSA action; (3) the relatively late stage of proceedings (discovery has closed); (4) the probability of Cox's success is difficult to ascertain; (5) the settlement seems to fall within the range of possible recovery; and (6) to the extent the parties have filed a joint motion, it appears all relevant parties have approved the settlement. Accordingly, because this Court concludes that the proposed settlement is fair and

5

reasonable under the Rule 23 factors and the simpler reasonableness inquiry, it need not decide the proper standard for evaluating the settlement here.

### III
### Conclusion

For the reasons above, the proposed settlement represents a fair and reasonable resolution of the underlying dispute. Accordingly, the parties' joint motion [30] is **GRANTED** and the proposed settlement is **APPROVED**. This action is **DISMISSED with prejudice**.

**SO ORDERED**, this 30th day of January, 2018.

                                              **/s/Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**